**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Liberated Brands USA LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **87-2143827** |

4.  **Debtor's address**

**Principal place of business**

**1740 Monrovia Ave**
Number    Street

**Costa Mesa**        **CA**    **92627**
City            State    Zip Code

**Orange**
County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box

City            State    Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City            State    Zip Code

5.  **Debtor's website** (URL)    **https://www.liberatedbrands.com**

6.  **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Liberated Brands USA LLC**                              Case number *(if known)* _____
         Name

| | |
|---|---|
| **7.  Describe debtor's business** | A. *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . <br> **3159 (Apparel Accessories and Other Apparel Manufacturing)** |

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check **all** that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | _____ | When | MM/DD/YYYY | Case number | _____ |
| | District | _____ | When | MM/DD/YYYY | Case number | _____ |

| Debtor | **Liberated Brands USA LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **District of Delaware** | When | **02/02/2025** |
| Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                     State     Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

| Debtor | **Liberated Brands USA LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **02/02/2025**
                       MM/ DD / YYYY

✗    **/s/ Todd Hymel**                                              **Todd Hymel**
Signature of authorized representative of debtor          Printed name

Title    **Chief Executive Officer**

**18. Signature of attorney**

✗    **/s/ Domenic E. Pacitti**          Date    **02/02/2025**
Signature of attorney for debtor                  MM/DD/YYYY

**Domenic E. Pacitti**
Printed name

**Klehr Harrison Harvey Branzburg LLP**
Firm name

**919 N. Market Street, Suite 1000**
Number                          Street

**Wilmington**                                    **Delaware**      **19801**
City                                                 State            ZIP Code

**(302) 426-1189**                                **dpacitti@klehr.com**
Contact phone                                     Email address

**3989**                                          **Delaware**
Bar number                                        State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known):* _____    Chapter __11__

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed, or will file, a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors are requesting joint administration of these cases under the case number assigned to the chapter 11 case of Liberated Brands LLC.

- Liberated Brands LLC
- Boardriders Retail, LLC
- Liberated AX LLC
- Liberated Brands International, Inc.
- Liberated Brands USA LLC
- Liberated-Spyder LLC
- Volcom Retail Outlets, LLC
- Volcom Retail, LLC
- Volcom, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| LIBERATED BRANDS USA LLC, | ) Case No. 25-[_____] (___) |
|  | ) |
| Debtor. | ) |
|  | ) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Liberated Brands LLC | 1740 Monrovia Ave<br>Costa Mesa, CA 92627 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIBERATED BRANDS USA LLC, | ) | Case No. 25-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Liberated Brands LLC | 100% |

**Fill in this information to identify the case:**

Debtor name _____ Liberated Brands LLC, et al. _____

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (If known): _____

❑ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Ningbo Jehson Textiles** 13th Floor, Block A1, Li Yuan, Shang Du Bldg #203 Lantian Rd. Ningbo, 315012 China | Jehson Cen P: 86-574-27919777 F: 86-574-27919672 cen@jehsontex.com emily@jehsontex.com | Trade Payable | | | | **$3,196,055.04** |
| 2 | **Unis, LLC** 218 Machlin Court Walnut, CA 91789 | Sam Warheit P: 412-552-4869 sam.warheit@unisco.com | Trade Payable | | | | **$2,040,897.26** |
| 3 | **Dongyang Yilong Garments Co Ltd** No. 88 Huaiwan Route,Weishan Industrial Zone, Weishan Town Dongyang, 322109 China | Jette Wang P: 0086-0579-89317118 jettewang@yilong-cn.com | Trade Payable | | | | **$1,799,732.27** |
| 4 | **Fedex** 2601 Main St. Suite 1050 Irvine, CA 92614 | Joseph Chang P: 909-816-3584 jospeh.chang@fedex.com | Trade Payable | | | | **$1,794,808.06** |
| 5 | **Gramtech Knit, Dying, Fin. & Garm. Ind Ltd** Abc Heritage (4th & 5th Floor, 2 & 4 Jashimuddin Avenue, Sector-3, Uttara Dhaka, 1230 Bangladesh | Hasan Mahmud P: 880 1 409261899 h.mahmud@team.com.bd | Trade Payable | | | | **$1,568,798.84** |
| 6 | **Wuxi Shengri General Merchandise Co.,Ltd** No.20 Chunhui Road District, Jiangsu, 214000 China | Andrew Lan P: 15006181533 lanjunfei@nishowx.com | Trade Payable | | | | **$1,452,847.08** |
| 7 | **MSP Group Inc.** 206 W. 140th St. Los Angeles, CA 90061 | Aneez Lakha & Johnny Lim P: 310-660-0022 aneezlakha@gmail.com johnny@mspgroupinc.com | Trade Payable | | | | **$1,386,644.96** |
| 8 | **Everglory Int Grp App Inc** 509 Chengxin Avenue,Jiangning Development Zone, Nanjing Jiangsu, 211102 China | May Zhou P: 86-25-52096587 may_zhou@ever-glory.com.cn | Trade Payable | | | | **$1,267,359.28** |

Debtor Name _____Liberated Brands LLC, et al._____   Case Number _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 **First Insurance Funding** 450 Skokie Blvd, Ste 1000 Northbrook, IL 60062-7917 | Dezzire Nazario P: 847-236-4309 dezzire.nazario@firstinsurance funding.com | Insurance Premium | | | | $1,260,782.76 |
| 10 **Jehsontex Hongkong Limited** 13th Floor, Block A1, Li Yuan, Shang Du Bldg #203 Lantian Rd. Ningbo, 315012 China | Jehson Cen P: 86-574-2791 9777 cen@jehsontex.com emily@jehsontex.com | Trade Payable | | | | $1,155,878.72 |
| 11 **Alpha Source** 7711 Amigos Avenue, Ste. E Downey, CA 90242 | Keith Lee P: 310-515-5560 keith@alphasourceco.com | Trade Payable | | | | $1,023,679.47 |
| 12 **O5 BNG LLC** 31 W 34th St. New York, NY 10001 | Fritz Winans fwinans@o5group.com | Trade Payable | | | | $1,000,509.40 |
| 13 **Team Manufacturing Company Ltd** Abc Heritage (4th & 5th Floor, 2 & 4 Jashimuddin Avenue, Sector-3, Uttara C/ Dhaka, 1230 Bangladesh | Hasan Mahmud P: 880 1 409261899 h.mahmud@team.com.bd | Trade Payable | | | | $982,936.36 |
| 14 **Infinity Apparels Limited** Room 1701, Titan Tower, #535 Tiantong South Road Ningbo, 315199 China | Robert Zhang P: 8613717553502 robertzhang@worldyenb.com | Trade Payable | | | | $966,365.55 |
| 15 **Lucky Unique Enterprise Co., Ltd.** No. 17, Jianye Rd., Erzhen VII. Tainan, 72046 Taiwan | Jocelyn Chen jocelynchen@luckytext.com.tw | Trade Payable | | | | $921,745.78 |
| 16 **Yat Fung Intl Industrial Ltd** Unit 803, Ping Fai Industrial, Bldg, 312 Un Chau Street, Cheung Sha Wan, Cheung Sha Wan Kowloon, 999077 Hong Kong | Michelle Lee P: 852-31881445 michelle@yfswimwear.com | Trade Payable | | | | $915,159.78 |
| 17 **Sheico (Thailand) Co.,Ltd** 240/23 Ratchadaphisek Road 15 Floor Ayodhaya Tower Bangkok, 10310 Thailand | Rebecca Yang P: 886 3- 965-6699 rebecca_yang@sheico.com.tw | Trade Payable | | | | $904,970.51 |
| 18 **Flexfit LLC** 625 Columbia St. Brea, CA 92821 | Austin Oh P: 714-882-3172 F: 714-447-9475 austin@flexfit.com | Trade Payable | | | | $884,481.83 |
| 19 **Ningbo Isun Fashion Co,.Ltd** No. 77 Dongguan Road, East Fenghua Industrial Development Zone, Ningbo, 315500 China | Brooke Bao P: 86-574-88950183 brooke@nbisun.com | Trade Payable | | | | $860,328.18 |
| 20 **Liu Chiao Industrial Co.,Ltd.** No. 25, Lane 83, Huaciao St. Chang Hua Hsien, 523946 Taiwan | Eric P: 852-24871145 emily@liuchiao.com.tw | Trade Payable | | | | $809,968.40 |

Debtor Name _____ Liberated Brands LLC, et al. _____    Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **Eastman Exports Global Clothing (P) Ltd.** 5/591, Sri Lakshmi Nagar, Pitchampalayam Purdur Tirupur, 641603 India | Antony Eme P: 91-421-430-1234 F: 91-421-4301205 antony@eastmanexports.com | Trade Payable | | | | **$790,999.91** |
| 22 | **Centric Brands LLC & Affiliates** 350 5th Ave 6th Floor New York, NY 10118 | Andrew Rabinowitz arabinowitz@centricbrands.com | Trade Payable | | | | **$750,069.76** |
| 23 | **Google Inc.** 1600 Amphitheatre Pkwy Mountain View, CA 94043 | Philipp Schindler philipps@google.com | Trade Payable | | | | **$747,080.04** |
| 24 | **Cortech LLC** 710 Morgan Falls Road Atlanta, GA 30350 | Mariana Gutierrez P: 714-248-5132 mgutierrez@jobsrus.com | Trade Payable | | | | **$699,311.04** |
| 25 | **Dalian Jinzhijie Garments Co. Ltd** No. 363 Building of Xiaoyanjia Hongta Village, Yongzheng Street, Jinzhou District Dalian, 116100 China | Rocky Han F: 86-411-87694952 rocky.han@jinzhijie.com.cn | Trade Payable | | | | **$683,861.55** |
| 26 | **B-Heim Co. Ltd.** 1302 Kolon Digital Tower Billant II 222-8 Guro3-Dong Guro-Gu Seoul, Korea | Sul Ki Noh skngee@bheim.co.kr | Trade Payable | | | | **$655,471.34** |
| 27 | **Tanya Impex** W-18 & 19, Sector -11 Noida, 201301 India | Sunil Grover P: 91-1204504704 sunilgrover@tanyaimpex.com | Trade Payable | | | | **$645,898.28** |
| 28 | **Wai Leng Garment Factory** Rue De Francisco Xavier, Pereira Nos 137-145, Industrial Pou Fung 5, Andarb Macau Mo, 999078, China | May Zhou P: 853-62866880 angeline@waileng.com.mo | Trade Payable | | | | **$629,466.20** |
| 29 | **Meta Platforms, Inc.** 1 Meta Way Menlo Park, CA 94025 | Justin Osofsky F: +353 (0)1 6530737 justinosofsky@fb.com | Trade Payable | | | | **$607,525.80** |
| 30 | **Kwong Platforms, Inc.** 16F., No. 105, Sec. 2, Dunhua S. Rd. Taipei City 106 Taiwan | Jenny Hsieh F: +86-2-2709-2550 jenny.hsieh@klf-group.com | Trade Payable | | | | **$566,012.35** |

Fill in this information to identify the case and this filing:

Debtor Name      **Liberated Brands USA LLC**

United States Bankruptcy Court for the:      **District of Delaware**

      (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    <u>02/02/2025</u>    ☒ */s/ Todd Hymel*
               MM/ DD/YYYY      Signature of individual signing on behalf of debtor

                                            **Todd Hymel**
                                            Printed name

                                            **Chief Executive Officer**
                                            Position or relationship to debtor

**OMNIBUS RESOLUTIONS OF THE AUTHORIZING BODIES OF EACH OF THE COMPANIES SET FORTH ON EXHIBIT A ATTACHED HERETO**

**February 2, 2025**

The members of the board of directors, board of managers, sole member, or similar governing bodies (each, an "Authorizing Body,") of the companies set forth on **Exhibit A** attached hereto (each a "Company," and collectively, the "Companies"), and each organized and existing under the internal laws of the state of Delaware as set forth in each Company's bylaws, limited liability agreement, certificate of incorporation or applicable governing agreement, hereby take the following actions and adopt the following resolutions by written consent pursuant to the organizational documents of each Company and applicable laws of the state of Delaware:

## CHAPTER 11 FILING

**WHEREAS**, the Authorizing Body of each Company has reviewed and considered presentations by such Company's management ("Management") and financial and legal advisors (collectively, the "Advisors") regarding the assets, liabilities, obligations, and liquidity of the Company, the strategic and financial alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, each Authorizing Body has reviewed and considered presentations by Management and the Advisors regarding the DIP Facility (as defined herein), memorialized by the DIP Documents (as defined herein);

**WHEREAS**, each Authorizing Body has had the opportunity to consult with Management and the Advisors and has fully considered each of the strategic and financial alternatives available to the Company; and

**WHEREAS**, each Authorizing Body has determined that the following resolutions and the actions, transactions and documentation contemplated thereby are advisable and in the best interests of the Companies, their interest holders, their subsidiaries, their creditors, and the other parties in interest.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the business judgment of each Authorizing Body, it is desirable and in the best interests of such Company (including a consideration of its creditors and other parties in interest) that the Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition for relief commencing a case (a "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") or other court of competent jurisdiction; and

**RESOLVED**, that any partner, director, manager, or other duly appointed officer of the Companies (each an "Authorized Signatory" and collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all

1

action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## RETENTION OF PROFESSIONALS

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and hereby are, authorized, empowered, and directed to employ on behalf of the Company: (a) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as general bankruptcy counsel; (b) the law firm of Klehr Harrison Harvey Branzburg LLP as co-bankruptcy counsel and conflicts counsel; and (c) AlixPartners, LLC, as financial advisor; and (d) any other legal counsel, investment bankers, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Signatories deem necessary, appropriate, or advisable, each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and in connection therewith, each of the Authorized Signatories, with the power of delegation, is, and hereby are authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and hereby are, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and to perform such further actions and execute such further documentation that the Authorized Signatories in their absolute discretion deem necessary, proper, appropriate, or desirable in connection with the Company's Chapter 11 Case and in accordance with the foregoing resolutions;

## CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION

**RESOLVED**, that the Companies will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which may be security for certain prepetition secured lenders (the "Secured Lenders") party to that certain ABL Credit Agreement, dated as of January 29, 2021 (as amended by that certain First Amendment to ABL Credit Agreement, dated as of June 30, 2021, as further amended by that certain Second Amendment to ABL Credit Agreement, dated as of August 16, 2021, as further amended by that certain Third Amendment to ABL Credit Agreement, dated as of September 3, 2021, as further amended by that certain Fourth Amendment to ABL Credit Agreement, dated as of November 1, 2021, as further amended by that certain Fifth Amendment to Credit Agreement, dated as of July 28, 2022, as further amended by that certain Sixth Amendment to Credit Agreement and Waiver, dated as of May 22, 2023, as further amended by that certain Seventh Amendment to Credit Agreement, dated as of September 26, 2023, as further amended by that certain Eighth Amendment to Credit Agreement, dated as of December 19, 2023, as further amended by that certain Ninth Amendment to Credit Agreement, dated as of May 29, 2024, as further amended

by that certain Tenth Amendment to Credit Agreement, dated as of August 8, 2024, as further amended by that certain Eleventh Amendment to Credit Agreement, dated as of November 5, 2024, as further amended by that certain Twelfth Amendment to the Credit Agreement dated as of January 24, 2025, and as may be further amended, restated, amended and restated, supplemented or otherwise modified from time to time prior to the date hereof, the "Prepetition ABL Credit Agreement," by and among Volcom, LLC, Volcom Retail, LLC, Volcom Retail Outlets, LLC, and Volcom Canada, Inc., as borrowers, the lenders party thereto (collectively, the "Prepetition ABL Lenders") each other loan party thereto, and JPMorgan Chase Bank, N.A., in its capacity as administrative agent and sole bookrunner and sole lead arranger, and (b) the incurrence of new money debtor-in-possession financing obligations by entering into that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement, among: Volcom, LLC, Volcom Retail, LLC, Volcom Retail Outlets, LLC, Liberated-Spyder LLC, Liberated Brands USA LLC and Boardriders Retail, LLC, each as a borrower, the other Loan Parties party thereto from time to time, each lender party thereto from time to time (collectively the "DIP Lenders") and JPMorgan Chase Bank, N.A. as sole administrative agent and collateral agent (the "DIP Credit Agreement" and together with such financing obligations, the "DIP Facility") to be documented in proposed interim and final orders (together, the "DIP Orders") to be submitted for approval of the Bankruptcy Court;

**RESOLVED**, that in order to use and obtain the benefits of the DIP Facility and the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain liens, claims, and adequate protection to the Secured Lenders (the "Adequate Protection Obligations") as documented in the DIP Orders and submitted for approval to the Bankruptcy Court, and, to the extent that the Companies are required to obtain consent from the Prepetition ABL Lenders to enter into any of the DIP Documents (as defined below), such consent has been obtained;

**RESOLVED**, that the form, terms, and provisions of each of the instruments and documents listed below (collectively and together with the DIP Credit Agreement and the DIP Orders, the "DIP Documents"), substantially in the forms received by or described to the undersigned, and each Company's execution, delivery and performance of its obligations under the DIP Documents, including without limitation the grant of security interests under the DIP Documents, be, and hereby are, in all respects, approved, subject to approval by the Bankruptcy Court of the DIP Credit Agreement:

    a)  any fee letter in connection with the DIP Credit Agreement;

    b)  any security agreements covering both domestic and foreign collateral, entered into in connection with the DIP Credit Agreement, including, but not limited to, the Canadian Security Agreement;

    c)  any intellectual property security agreement in connection with the DIP Credit Agreement;

    d)  any assignment documents, notices, financing statements, tax affidavits, and other instruments as the DIP Agent and/or the DIP Lenders may reasonably request or as may be necessary or appropriate to create, preserve and perfect the liens of the DIP Agent and/or the DIP Lenders required pursuant to the DIP Documents;

    e)  agreements with third parties (including, without limitation, bank agency agreements, lockbox agreements, cash management agreements, hedge

agreements, control agreements, landlord agreements, collateral access agreements, bailee letters, and warehouse letters) relating to the Collateral (as defined in the DIP Credit Agreement); and

f) such other Loan Documents (as defined in the DIP Credit Agreement), agreements, documents, orders, instruments, letters of credit, acknowledgements, statements, paper, certificates and other documents and instruments, including any interest rate swaps, caps, collars or similar hedging agreement and any financing statements (or amendments thereto) that may be contemplated by, or as may be required by or executed in connection with any of the DIP Documents.

**RESOLVED**, that the form, terms, and provisions of the DIP Orders to which the Companies are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of the Companies be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Documents, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on the terms or substantially on the terms submitted to each Authorizing Body, with such changes, additions, and modifications thereto as the officers of the Companies executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

**RESOLVED**, that the Companies, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and obligations under the DIP Documents (the "DIP Obligations") and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on their assets to secure the Adequate Protection Obligations and the DIP Obligations;

**RESOLVED**, that the Authorized Signatories of the Companies be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and (i) execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by any agent under the Prepetition ABL Credit Agreement or the DIP Documents (each, an "Agent"); and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents and perform or cause the Companies to perform the obligations thereunder, (ii) grant and continue to grant liens on its property as set forth in the DIP Documents and to take such further action to maintain and perfect such liens and otherwise as necessary to effect the purposes of the DIP Documents, including, without limitation, to pledge and deliver stock certificates and promissory notes and to execute and deliver any and all certificates, intellectual property security agreements, and (iii) guarantee obligations, as applicable, pursuant to the DIP Documents and the terms of the DIP Facility;

**RESOLVED**, that each of the Authorized Signatories of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the

Companies to file or to authorize the Agents to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Companies that the Agents deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the DIP Orders; and

**RESOLVED**, that each of the Authorized Signatories of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, to arrange for, negotiate and enter into supplemental agreements, amendments, instruments, certificates, consents or documents relating to the transactions contemplated by any of the DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, consents or documents in the name and on behalf of each Company, which shall in their sole judgment be necessary, proper, or advisable to perform the Companies' obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## GENERAL

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates), either individually or as otherwise required by the Company's governing documents and the applicable laws of the state or country of incorporation or formation, as applicable, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company relating to the foregoing;

**FURTHER RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company to take or cause to be taken any all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that each Authorizing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Company's governing documents, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Company; and

**FURTHER RESOLVED**, that any Authorized Signatory (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds and other things as the Company itself may lawfully do, in accordance with the Company's governing documents of the Company and the applicable laws of the state or country of incorporation or formation, as applicable, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

## **Exhibit A**

Boardriders Retail, LLC

Liberated AX LLC

Liberated Brands International, Inc.

Liberated-Spyder LLC

Volcom, LLC

Volcom Retail, LLC

Volcom Retail Outlets, LLC

Liberated Brands USA LLC

*    *    *    *    *

[*Signature Page Follows*]

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

**Liberated Brands USA LLC**
**Liberated-Spyder LLC**
**Volcom, LLC**

By: Liberated Brands LLC
Its: Sole Member

By: _Todd Hymel_____
Name: Todd Hymel
Title: Authorized Signatory

**Liberated AX LLC**

By: Liberated Brands LLC
Its: Manager

By: _Todd Hymel_____
Name: Todd Hymel
Title: Authorized Signatory

*[Signature Page to Resolutions]*

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

**Boardriders Retail, LLC**

By: Liberated Brands USA LLC
Its: Sole Member

By: _Todd Hymel_
Name: Todd Hymel
Title: Authorized Signatory

*[Signature Page to Resolutions]*

     IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

**Volcom Retail, LLC**
**Volcom Retail Outlets, LLC**

By: Volcom, LLC
Its: Sole Member

By: _Todd Hymel_____
Name: Todd Hymel
Title: Authorized Signatory

*[Signature Page to Resolutions]*

IN WITNESS WHEREOF, the undersigned, comprising the board of directors of Liberated Brands International, Inc., have executed this written consent as of the date first set forth above.

**BOARD OF DIRECTORS:**

Todd Hymel
_____
Todd Hymel

Brad Holman
_____
Brad Holman

IN WITNESS WHEREOF, the undersigned, comprising the board of managers of Liberated Brands USA LLC, have executed this written consent as of the date first set forth above.

**BOARD OF MANAGERS:**

_Todd Hymel_

Todd Hymel

_Brad Holman_

Brad Holman

[*Signature Page to Resolutions*]